## CLYDE O. SPERRY et al. v. LEONARD THIEMIE, Appellant.

**Division One, April 2, 1914.**

**APPEAL: No Bill of Exceptions.** Where appellant's abstract shows no bill of exceptions and of the record proper only the pleadings and an entry that a motion for a new trial was filed, and respondent's abstract shows that motion was not filed in time, a judgment for plaintiff to quiet title to real estate will be affirmed on respondent's request, the short transcript showing a judgment within the issues made by the pleadings duly rendered and an order of appeal was timely filed in the appellate court.

Appeal from Greene Circuit Court.—*Hon. Alfred Page*, Judge.

AFFIRMED.

*T. J. Murray* for appellant.

*Hamlin & Seawell* for respondents.

WOODSON, P. J.—This suit was instituted by the plaintiffs in the circuit court of Greene county, under old section 650, Revised Statutes 1899, against the defendant, to quiet and adjudge title to three lots of ground situate in the city of Springfield, particularly described in the petition. A trial was had and the judgment was in favor of the plaintiffs, and against the defendant. From that judgment the defendant appealed the cause to this court.

The abstract of the record does not state definitely the date of the rendition of the judgment, but it is clearly inferable from the following language contained therein that it was on or prior to February 19, 1910, viz.:

256 Mo. 38

"And under the evidence and refusal of the instructions, the court sitting as a jury found for the plaintiffs, and on the 19th day of February, 1910, of the January term of court and during the same term of court, and within four days after rendering said verdict and judgment, the defendant filed his motion for a new trial as follows:"

Then follows the motion.

The appellant has not abstracted the record proper, nor has he shown that a bill of exceptions was ever filed in the case.

He sets out the pleadings, which we know are a part of the record proper; and then. follows a summary of the testimony, a copy of the instructions asked by him, then the words above quoted regarding the finding of the court and the filing of the motion for a new trial; but there is nothing whatever to show, as previously stated, that a bill of exceptions had been filed or that the matters mentioned even purported to have been taken for a bill of exceptions.

The words "record," "record proper" or "bill of exceptions," or their equivalent, do not appear in the. so-called abstract of record filed by appellant; but the simple bald statement, before quoted, appears, and so far as the abstract shows, may have been taken from some newspaper or from the tablets of counsel's fertile imagination.

Moreover, the abstract does not show that a judgment was ever rendered in the cause; but the short transcript filed in this court discloses the fact that the judgment was rendered February 19, 1910.

After setting out what counsel terms the motions for a new trial and in arrest of judgment, he uses this language:

"The motion for a new trial and motion for arrest were both overruled on the 26th day of February, 1910, of the January term of court, to which ruling and or-

der of the court the defendant then and there duly excepted."

While as previously shown the abstract states in connection with the finding of the court that the motion for a new trial was filed within four days thereafter, but counsel for respondents, apparently not wishing to rest their case upon the abstract presented by counsel for appellant, which in fact is no abstract whatever, filed an additional abstract of the record setting out a certified copy of the record proper, regarding the filing of the motion for a new trial, which shows it was filed on February 26, 1910, instead of February 19th, as stated in appellant's so-called abstract.

Upon this state of the record counsel for respondents insist that there is nothing before this court for review except the record proper, and that since the judgment of the circuit court is in response to the pleadings the judgment should be affirmed.

Through oversight, I presume, learned counsel for respondents have failed to indicate where we can find the record proper or the bill of exceptions.

However, the short transcript is here, and it shows that a judgment was duly rendered in favor of the respondents, and that an affidavit for an appeal was filed and the appeal was allowed; and there being no semblance of an abstract filed by appellant, the cause might be well dismissed "for failure."

Since, however, the cause was regularly appealed to this court, and the judgment appearing upon its face to be regular in all respects, I can see no legal objection to granting the request of counsel for respondents to affirm the judgment of the circuit court; and so believing, the judgment should be affirmed. It is so ordered. All concur.